Richardson, J.
dissented. I dissent in this case, because : 1st. I can find no precedent of a justice of the peace being convicted of barretry for promoting prosecutions ; and no express authority in support of such a conviction, especially when he promotes prosecutions which are legal and well founded.. I hold him within his official privilege. 2nd.. Because the adju-dicatiousdo not support the general definitions of barretry, found in the books, so as to make it cleav, that a man may be considered a barretor equally' for exciting legal, or illegal suits, and especially prosecutions.
Motion refused.
On the defendant’s being brought up for judgment, bis counsel moved to postpone the sentence, or at least the commencement of his term of imprisonment, if imprisonment should form part of his sentence, in order to afford him an opportunity of applying to the Executive for a pardon.
J. L. Wilson, for the motion,
insisted that the defendant was intitled to his motion, by the provisions of the Constitution. The f)ower, conferred on the Governor, by the 7th sec. 2d art. of granting pardons in all cases, except impeachments, gave, by necessary implication, to every convicted defendant, the right of submitting his case to the consideration of the Executive: and the Courts could not, by prematurely passing sentence, lawfully deprive the defendant of the enjoyment of that right. In the case of the State v. Frink, 1 Bay, 168, the execution of the sentence was postponed, for the express purpose of giving time to the defendant to apply for a pardon. In this case, as it might be contended, that after sentence the defendant could not be permitted to go at large, on his recoginzanee, although the enforcement of it was postponed, it would be the better course to postpone passing sentence; and there could be no doubt, but that the conviction afforded sufficient ground for the action of the Governor, without the sentence.
Petigru, Attorney General, contra,
contended, that the judicia. power was altogether independent of the executive, and should be so exercised. But that, especially, no sound reason could be urged for postponement, for the purpose of inviting executive interference, when the punishment was discretionary with the Court, and would be meted out to the defendant in the exact ratio of his demerits. Nor would the postponement avail the defendant as to the imprisonment; for he is not intitled to be at large on his recognizance, after the dismissal of his motion for a new trial. And should either his sentence, or the execution of it be postponed, a motion must be made for his commitment. It may well be doubted, whether he would be 'bound to submit to his punishment at a future day ; for there is no process to bring in a defendant to suffer corporal punishment, who has been suffered to go at large after conviction, and the dismissal of an appeal.
Richardson, J. delivered the opinion of the Court.
*404 A motion is made to postpone passing sentence in this case, or at least the actual infliction of confinement, in order that the defendant may have an opportunity of applying to the Governor for a pardon, to be pleaded in bar of the sentence, or the punishment, as the case might be: and the case of the State v. Frink, 1 Bay, 168, is relied upon, in which the Judge postponed the punishment of branding in the hand, until a pardon could be applied for.
Wherever the law, ex vi termini, inflicts, upon conviction, a specific, and infamous punishment, it has been very usual for the Judge, at his discretion, to order the punishment to be inflicted on some day so distant, as to enable the convict to apply for a pardon in the meantime. Humanity, reason, and I may add, duty, all call for this practice; and the Judge may very properly, in such cases, postpone the punishment, exercising his own judgment as to time, and circumstances, &c. But wherever the punishment depends, as in the case now before us, upon the discretion of the Court, this reason for postponement no longer exists. And in all cases, a respectful spirit of comity and justice to the Executive, require that he should be informed, by the passing of the sentence, what the punishment is to be, whether light or severe, in order that he may judge, rationally, and understandingly, upon the subject; and thereupon pardon, remit the sentence, or reject the application altogether. The sentence ought, therefore, to be pronounced in such cases at the accustomed time, if it were only to inform the Governor of what the punishment is to consist. In the case before us, there is little reason indeed to support this part of his motion ; because the defendant has had already several months, since the conviction, to apply to the Governor for a pardon, and to arrest the sentence; and the practice of doing so, pending a motion for a new trial, is too well settled to admit a doubt of the defendant’s knowing- his constitutional right to have made the application for such pardon, and to have obtained it, if he could.
The second branch of the motion is, to fix a distant day for the anticipated confinement of the defendant, that he may apply for a pardon ad interim. It would be sufficient to answer this proposition with the reason last given, to wit, that the de *405 fendant has had time enough, if a pardon were to be procured for a full remission of' the imprisonment; and if no more than a partial remission be looked for, there is, then, little reason in delaying the commencement of his term of confineuient. But there is great reason in rejecting such a change in the practice; and as the point has been warmly urged, it is deemed a fit occasion to express our opinion. Such a practice would give rise to the appearance, at least, of partiality, or of the influence of defendants who have been convicted. It would he the means of postponing, accommodating, and finally of eluding, or commuting the punishment. It' would look suspicious in the. eyes of sagacious byestanders; and that alone is a sufficient objection for rejecting a practice so novel. For after all that can be said upon the official independence of a Judge, and his commission of dum bene se gesserii, next to his conscious fidelity in the discharge of his duties, the great support is the approbation of the intelligent and virtuous, who see and overlook his daily judicial acts. This is public confidence, not popularity ; and is indispensable to the continuous support of the official independence upon which the purity of our judicatures rest.
But apart from such general and moral considerations of the subject, there is an answer to the motion strictly legal and judicial. The moment a defendant is convicted, he is in- the custody of the Court, and is to be confined, in order to be forthcoming on sentence day, whatever may be the sentence. Any other legal rule would allow a commutation of the punishment, either by the payment of his recognizance, or at most, by his own voluntary absence from the State, which would be often a grateful accommodation to convicts. Whatever practice then, humane considerations may have introduced, to delay moving the Judge to order the party convicted into the custody of the sheriff; and whatever may very possibly, in some cases, be the actual enlargement of the defendant, and which this very motion intimates; the Court must consider him as in the custody of the sheriff, and his confinement is no greater after the sentence.
Motion refused.
The motion to postpone the sentence having been refused, the defendant’s counsel asked leave to submit a motion in arrest of judgment. Leave was granted accordingly; and at a sub *406 sequent day in the term, a motion in arrest was made on the following grounds: 1. That the prosecution vras barred by lapse of time. 2. That the defendant should have been in-dieted by the title of his office. 3. That the judgment should be limited to the removal of the defendant from office.
J. L. Wilson, for the motion.
It is the settled practice of the Court of King’s Bench, to refuse leave to file an information against a magistrate, after the lapse of two years. The King v. Harris and Peters, 13 East, 270. The King v. Marshall and Grantham, 16. 322. See also 1 Ch. Cr. Law, 875. This practice is obviously founded in reasons of the soundest policy: for whilst magistrates should be most severely punished when guilty of deliberate violations of the law, they should be protected against vexatious prosecutions, and particularly against a prosecution, which has been delayed so long, as to put it out of the power of the magistrate to meet it as fully, as he might have done, if it had been promptly commenced. Independently of this practice,however, the St. 32 Hen. 8. c. 9, P.L. 54, limits the commencement of prosecutions for bracery, and other offences of the same class, to one year after the offence committed; and although barretry is'not expressly mentioned, it comes within the descriptive words of the statute, and by a very fair construction, is included in the enactment of the limiting clause. For each of these reasons, it is apprehended, that the evidence at the trial ought to have been confined to acts of barietry, committed within one year, and two terms, next before the commencement of this prosecution. But it appears by the notice filed with the indictment, and which forms part of it, that several ol' the alleged acts of barretry were committed more than one year, or two terms, before the prosecution ; and as evidence was received on all of them, and the Court cannot distinguish as to which of them the verdict was founded upon, the judgment must be arrested. .
The other objection is equally fatal. The defendant is indicted for acts which were done by him in his official capacity, and he ought, therefore, to have been indicted by the title of his office. Com. Dig. Indictment. (G. X). This was peculiarly requisite in this case, because by the acts of 1796 and 1799, 2 Faust, 85, 26l, he is punishable by removal from office; which punishment, in fact, supersedes the com-lhon law penalty. 2 Bur. 804, 834. The indictment does not allege the defendant to be a justice of the quorum ; and yet the notice charges no other than acts done by him colore ojjicii.
Petigru, Attorney General, contra.
All the grounds ol‘ this motion have been disposed of by the opinion already delivered, except that as to the limitation of the prosecution ; and that should have been urged at the trial below. It does not arise out of the record, for the notice is no part of the record ; and, therefore, it cannot avail by way of motion iu arrest.
There is nothing, however, in the objection. The refusal of the Court of Ring’s Bench, to grant leave to file an information, will not bar an indictment; for the Court possesses no authority to enact a statute of limitations. The St. 32 Hen. 8, is equally unavailing. In the first place, it does not extend to indictments, but is confined to informations, and qui tarn actions. In the next place it applies only to bracery, and other offences, punishable by that very statute. Barretry is entirely a common law offence, and is neither within the letter, nor the intendment of the statute.
Johnson, J. delivered the opinion of the Court,
The'indictment against the defendant charges him with common barretry, in the terms of the most approved precedents found in the books of practice : nor do the grounds of this motion call in question its technical accuracy, either in matter of substance, or of form. Now I take it, as universally true, that judgment will never be arrested except for matter apparent on the faee of the record ; and perhaps it would be sufficient to remark on the grounds of the motion, generally, that they are all founded on matters foreign to the record. But the novelty of the prosecution, and the interest which it lias excited intitle it, perhaps, to more consideration.
In accordance with the practice in such cases, a notice containing a specification of the particular acts of barretry intended to be given in evidence, in support of the prosecution, was filed with the indictment; and this the counsel have assumed is part of the indictment itself, and some of the grounds of this motion are predicated on facts therein stated. It is not, however, referred to in the indictment, and ought not, therefore, to be considered'Part of it. From the nature of the offence, it is *408 110t suscePtl^e °f specification, and any attempt at a formal description in the indictment of the specific acts of barretry, would be destructive of the character of the offence; for it would ^en cease to be common barretry. The notice, in fact, is nothing more than a bill of particulars of the evidence, intended to be offered on the trial, and rendered necessary by the generality of the charge, as a means of guarding the defendant against surprise.
From the notice it appears, that the defendant was a justice of the quorum for Charleston district: that the acts of barretry charged against him, consisted in his moving and exciting the 'commencement of divers prosecutions in the Court of Sessions, on informations made before, and warrants issued by him, for the purpose, and as the means of extorting money from the parties : and that some of the acts were committed more than a year, or two terms, before the commencement of this prosecution. Now the argument is, that this amounted to mal-feazauce in office, in which the barretry merged, and therefore the defendant could only be indicted in his official character : and it is contended that as by the common law, the Court might in its discretion, refuse leave to file an information after two terms, evidence of acts before that time ought to have been rejected. It is also insisted, that an indictment for barretry is barred in one year by the St. 32. Hen. 8. c. 9.
The opinion pronounced by the Court on the motion for a new trial concludes the question as to the liability of the defendant to be indicted, for barretry, although the acts charged were done colore officii. If in themselves barretrous, they wore certainly not the less so because the defendant was a magistrate, and used his office the better to carry his purposes into execution. Barretry is a substantive and distinct offence, and in no wise necessarily connected with the office of magistrate, and is not, therefore, merged in an offence committed in that office. If a magistrate under colour of his office, were to award sentence of death, or other corporal punishment on an offender, and cause it to be carried into execution, that would certainly be mal-practice in office, but it will not be contended, that it would not also be murder, or trespass, as the case might be. This case is not, therefore, one in which the Court can exer *409 cise any discretion, in limiting either the time within which the prosecution must be commenced, or to which the evidence adduced at the trial must be confinedi
The statute referred to, it may be conceded, limits the commencement of indictments, as well as informations, for bracery, champerty, maintenance, and some other offences of the same class, to one year after the offence is committed. But barretry is not mentioned in it, and that would be a sufficient reason for not applying it here. It is, moreover, very apparent, that it was never intended to be applied to this offence. Bracery and the other offences mentioned, consist of a single act, and the point of time is indivisible. Not so of barretry that is made up of many acts, committed at different times, and in tracing the circumstances, it would be impossible to fix upon the precise time when it began, or when it was consummated ; and it would be difficult therefore, to bring a statutory law to operate upon it. Suppose it limited to the year : one might then with impunity commit one or two acts of barretry every year throughout a long life. It is the aggregate of all the barratrous acts which constitute barretry; and the longer the list, and the more extended in point of time, the more aggravated is the offence. It is the conduct of a man through life, from which his character is drawn; and it is the habit of intermeddling, which stamps on him the character of barretor.
These remarks were not, for the reasons before given, thought necessary to this as a motion in arrest of judgment; but if there had been any thing in them to warrant it, the Court might even now have given the defendant the benefit of them in the form of a new trial, and for that reason they have been noticed. The course which this case has taken has suggested to the Court, however, the necessity of remarking, that they have been led involuntarily into a violation of the practice of the Court, in hearing a ease in detached parts ; for this is the third occasion on which this case has been brought before us, in as many different shapes, when the whole might as well have been presented and discussed in the first instance. It must not, therefore, be taken as a precedent in future cases.
Motion refused.
On the conviction of the defendant in the Court of Sessions, a rule had been taken out against him, returnable to the Court *410 of Appeals, requiring him to shew cause, why his name should not be stricken from the roll of attorneys and solicitors. After the motion in arrest of judgment had been dismissed, this rule was called up, and, on motion of the Attorney General, made absolute ; and the defendant declared incapable of practising as- an attorney or solicitor in the Courts of Law and Equity of this State. ,
The judgment on the indictment was, that the defendant be imprisoned for two months, and pay a fine of two hundred dollars to the State.